UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHNNY PANG,<br><br>　　　　Defendant. | Case No. 14-cv-02482-JCS<br><br>**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT AND VACATING HEARING**<br><br>**Dkt. No. 14** |

## I. INTRODUCTION

This is a Lanham Act case in which Plaintiff Chanel, Inc. alleges that Defendant Johnny Pang sold counterfeit Chanel products. Default was entered against Pang on July 18, 2014 (Dkt. 12) after he failed to file an answer or motion in response to Chanel's Complaint, and Pang moved to set aside default on August 5, 2014 (Dkt. 14). Chanel has not filed an opposition to Pang's Motion. The Court finds the motion suitable for determination without oral argument, and **vacates the hearing scheduled for September 19, 2014**. *See* Civil L.R. 7-1(b). The Court GRANTS Pang's motion for relief, because (1) there is no indication of prejudice to Chanel, and (2) Pang made a good faith effort to respond to the Complaint and his failure to respond properly is excusable.[1] Although the hearing is vacated, **the case management conference will occur as scheduled on September 19, 2014 at 2:00 p.m., and the parties or their counsel must attend**.

## II. BACKGROUND

Chanel alleges that Pang and unidentified Doe defendants sold counterfeit Chanel products, including "call phone cases, handbags, wallets, costume jewelry, . . . and clothing." Compl. (Dkt. 1) ¶ 29. The Complaint includes two counts: trademark counterfeiting and

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

infringement under section 32 of the Lanham Act, and false designation of origin under section 43(a) of the Lanham Act. Chanel seeks relief including preliminary and permanent injunctions against further infringement and "statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit Chanel mark used and product sold." *Id.* ¶ 41. Chanel served Pang with a summons stating that Pang was required to "serve on [Chanel's attorney] an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure" within 21 days. *See* Summons (Dkt. 6). The summons also stated that failure to respond would result in default, and that Pang "must also file [his] answer or motion with the court." *Id.*

According to Pang's declaration submitted in support of his Motion, Pang does not speak English and misunderstood the summons. Def.'s Decl. (Dkt. 15) ¶ 2. With the help of a friend acting as a translator, he wrote a letter to Chanel's attorney stating his responses and defenses, which he believed to be a sufficient response, but did not file any response with the Court. *Id.*

Chanel requested entry of default on July 11, 2014, which was 38 days after Chanel served Pang with the Complaint and Summons. Request to Enter Default (Dkt. 11). The clerk entered default as to Pang on July 18. Entry of Default (Dkt. 12). Pang declares that he visited the clerk's office after receiving Chanel's request to enter default, and was referred to the Federal Pro Bono Project's Legal Help Center. Def.'s Decl. ¶ 4. Pang filed his Motion to Set Aside Entry of Default on August 5, 2014. Chanel has not filed an opposition, and Pang has not yet filed an answer or a motion under Rule 12. Chanel has since filed a case management statement discussing alternative scenarios depending on the Court's ruling on Pang's Motion. Pl.'s Unilateral Case Mgmt. Statement (Dkt. 18). That statement does not take a position as to whether the Court should grant Pang relief. *See id.*

### III. ANALYSIS

#### A. Legal Standard

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts in the Ninth Circuit review three factors to determine whether to grant relief from default: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and

(3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). A district court may, but need not, exercise its discretion to deny relief if the movant fails to establish any of the three factors. *Id.* at 1111−12. The same test applies to a motion to set aside default judgment under Rule 60(b), but it is more liberally applied in the context of a motion to set aside entry of default. *United States v. Signed Personal Check No. 730 of Yuban S. Mesle* ("*Mesle*"), 615 F.3d 1085, 1091 n.1. (9th Cir. 2010). And while the burden rests with party moving for relief, the rules are applied generously in favor of pro se defendants. *Id.* at 1089. "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*. at 1091 (quoting *Falk*, 739 F.2d at 463).

### B. Prejudice to Chanel

"To be prejudicial, the setting aside of a judgment [or entry of default] must result in greater harm than simply delaying resolution of the case." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). "[T]he delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quoting *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433−34 (6th Cir. 1996)).

Chanel has not made any claim that Pang's failure to respond to the Complaint resulted in prejudice. Pang argues in his Motion that because the allegedly infringing items were seized by U.S. Customs and remain in custody of the government, there is no risk that evidence will be lost. Def.'s Mot. at 4. The Court agrees that there is no indication of prejudice beyond mere delay, which is not sufficient to warrant denial of relief under *TCI*. *See* 244 F.3d at 701.

### C. Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Mesle*, 615 F.3d at 1094.

Here, Pang has not yet filed an answer or a Rule 12 motion, and his Declaration discusses only the circumstances of his failure to file, without addressing his underlying defense. Pang's

3

Motion states that his "primary defense to the action is that he hired a person in China to choose, pack, and ship merchandise for him," and as a result Pang "was not aware that the merchandise they had chosen included the items at issue in this lawsuit." Mot. at 4.[2] It is not clear that this is a defense to Chanel's claims that Pang is "promoting and otherwise advertising, distributing, selling and/or offering for sale" counterfeit products. Compl. ¶ 17.

"Section 32 of the Lanham Act provides the registered owner of a trademark with an action against anyone who without consent uses a 'reproduction, counterfeit, copy, or colorable imitation' of the mark in such a way that 'is likely to cause confusion, or to cause mistake, or to deceive.'" *Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998) (quoting 15 U.S.C. § 1114(1)). Section 43(a) provides a similar remedy "if goods are marketed bearing 'a false designation of origin.'" *Id.* (quoting 15 U.S.C. § 1125(a)(1)).

Pang's statement that he "was not aware that the merchandise [his suppliers] had chosen included the items at issue in this lawsuit" is not a clear denial that he sold counterfeit Chanel products. For example, even if Pang was not involved in choosing the products to be sent from China, it is not clear whether he denies receiving and selling counterfeit goods that his suppliers sent to him. If Pang files an answer, he will need to admit, deny, or state a lack of knowledge of each allegation of Chanel's Complaint, in compliance with Rule 8(b) of the Federal Rules of Civil Procedure. For present purposes, however, Pang's burden is "minimal," *see Mesle*, 615 F.3d at 1094, and Chanel has not challenged Pang's purported defense. The Court in its discretion finds that Pang's denial—in conjunction with the lack of prejudice discussed above and the lack of culpability discussed below—is adequate to warrant relief from default.

D.  **Culpable Conduct**

"[T]o treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.* at 1092 (quoting *TCI*, 244 F.3d at 697). "[S]imple

---

[2] This portion of the Motion cites paragraph 5 of Pang's Declaration, but the Declaration includes only four paragraphs and does not discuss Pang's defense. *See* Mot. at 4; *see generally* Def.'s Declaration.

4

carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id.*

Pang declares that he wrote a letter to Chanel's attorney, believing that to be an adequate "answer" to the Complaint as required by the Summons. *See* Mot. at 5; Def.'s Decl. ¶ 2; *see also* Summons ("[Y]ou must serve on the plaintiff an answer to the attached complaint . . . .").

Pang's failure to file a formal answer was likely negligent: although he was unrepresented by counsel and does not speak English, he was able to find a friend to serve as a translator, Def.'s Decl. ¶ 2, and the Summons instructs the recipient that he "also must file [his] answer or motion with the court," which Pang did not do. *See* Summons. But "simple carelessness" is insufficient to establish culpability that would bar relief from default, particularly for an unrepresented, non-attorney defendant. *Mesle*, 615 F.3d at 1092, 1093. Because there is no indication that Pang's failure to properly respond was in bad faith, the Court finds that this factor supports granting Pang relief.

## IV.   CONCLUSION

Because the Court finds no prejudice to Chanel or culpability by Pang, the Court GRANTS Pang's motion to set aside the entry of default. The Court ORDERS that Pang respond to Chanel's complaint by filing a formal answer under Rule 8 or a motion under Rule 12 of the Federal Rules of Civil Procedure **no later than Friday, October 3, 2014**. If Pang is unable to obtain representation by an attorney, he is encouraged to continue to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses[3]

/ /

/ /

/ /

---

[3] The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

to ensure that he meets his obligations under applicable rules and statutes in conducting his own defense.

**IT IS SO ORDERED.**

Dated: September 15, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge